## In re ADOLF GOBEL, Inc.*
### No. 28004.

District Court, E. D. New York.
Oct. 15, 1935.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Franklin P. Ferguson, of New York City, of counsel), for debtor.

Laughlin, Gerard, Bowers & Halpin, of New York City (Spotswood D. Bowers and F. S. Quinn, both of New York City, of counsel), for Corn Exchange Bank Trust Co.

Chadbourne, Stanchfield & Levy, of New York City (W. Caverly, of New York City, of counsel), for Manufacturers Trust Co.

Simpson, Thacher & Bartlett, of New York City (Francis Kernan, Jr., of New York City, of counsel), for Stockholders' Protective Committee.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Ralph M. Carson, of New York City, of counsel), for Noteholders' Committee.

Root, Clark, Buckner & Ballantine, of New York City (Arthur A. Ballantine, of New York City, and Lessing Rosenthal, of Chicago, Ill., of counsel), for General American Tank Car Corporation.

BYERS, District Judge.

This is a motion by the debtor corporation for an injunction against General American Tank Car Corporation, which for brevity will be called Tank Car, to restrain it from proceeding in the state courts of Illinois in an action therein begun by it on October 4, 1935.

The debtor owns practically the entire issue of common stock of Jacob E. Decker Sons, to be called Decker, an Iowa corporation engaged in packing, slaughtering and processing animals for food consumption.

That stock is pledged to secure an issue of the debtor's corporate notes, as to which default was made May 1, 1935.

The debtor, as a step in its proposed reorganization, has negotiated a sale of the physical assets and properties of Decker, at a price which is expected to provide about 80% of the amount unpaid upon the said notes.

After hearings in open court which occupied two half-days, the contract was approved, by order dated October 2, 1935.

The following day, Tank Car, a West Virginia corporation having its principal office in Chicago, applied to the court for a modification of the order, so as to incorporate therein a provision segregating a sufficient portion of the proceeds of the said sale, in a trust fund, to secure the payment of its claim for damages said to arise from the abandonment of a requirement contract between it and Decker, for the latter's use of tank and refrigerator cars; the said abandonment is contemplated as a result of carrying the said contract into effect.

The application for the hearing was made informally late in the afternoon of

*Order reversed 80 F.(2d) 849.

October 2nd, and was granted for the following day, upon the undertaking of the attorneys representing Tank Car to give notice to all attorneys who had been heard in connection with the application to approve the contract.

The hearing was held in court, and stenographic minutes were taken, which constitute the record.

Tank Car sought leave to intervene in this proceeding, and that was granted.

The motion to amend the order was denied, in part because of the then statement of intention to submit the controversy between Tank Car and Decker respecting the said claim, for adjudication by this court, and in this proceeding.

Upon the following day, and in time to prevent the closing of the said contract in Chicago, the said action was begun in the state courts of Illinois by attachment. The closing was adjourned until October 18th, and this motion was made on October 10th, and adjourned until the 11th.

The essential inquiry is whether jurisdiction pertains to the court (a) over the Tank Car and (b) over the subject matter of the attachment.

■ As to the former, the petition filed October 3rd, for the relief described, was without reservation, and the representations and arguments of counsel in behalf of the petition were compatible only with a general submission to the court, in this proceeding, of the rights of Tank Car arising from the circumstances which have been recited.

■ The second inquiry involves the nature of this proceeding and the extent to which the contract in question, and therefore the rights arising under it, may be deemed to be property subject to the prior jurisdiction of this court.

The debtor does not hold legal title to the property of Decker, but, upon the liquidation of the latter, it will become entitled to receive it, or its value. That is a present existing property right, which is the subject of a pledge to the trustee under the indenture which secures the notes.

This court has exercised control over that property right in the interest of reorganization, by enjoining the trustee from reducing the pledged property to possession, in spite of the default.

The debtor, in virtue of the ownership of the Decker stock, has been able to cause a contract to be made for the sale of the latter's property; that contract is the property of Decker, but the debtor is nominally a party to it, and it could have no legal effect except as this court has authorized its consummation according to certain terms and conditions.

The proceeds of that contract, while it remains unperformed, have no present existence, because, if the contract be abandoned, they will never arise; but the right to demand performance could not exist but for the action of this court in giving its sanction to the contract; that sanction is conditioned upon the bringing into this court, for due administration in this proceeding, of the proceeds to be realized, and the order of October 2, 1935, so provides.

To seek to circumvent the process which gave vitality to the contract, by impounding the proceeds in aid of subsequent litigation in another court, in derogation of the said order, is to attempt to vitiate the very substance upon which the attachment would feed.

If the court is powerless to protect its own order from such assault by one who has participated generally in this proceeding as a suitor, the infirmity must result from some sterility of the statute in virtue of which this proceeding is pending, but which has not been disclosed in the oral or written arguments.

The hearings have proved to the satisfaction of the court that the contract is provident from the standpoint of the debtor, its creditors and stockholders; that it will be abandoned by the purchaser if closing does not take place by October 18th at the latest; that it will not be closed if the attachment and the litigation of which it is the initial step is permitted to persist; that the purchase price will yield avails of about twice the highest sum named by counsel for Tank Car, as the possible amount of their client's claim, in consequence of which no possible injury can come to that company by its adherence to the undertaking given for it in open court, to litigate the claim in this proceeding, in which the proceeds of the contract will be administered.

These considerations outweigh the dictates of convenience which would suggest that, if possible, the court relieve itself of a controversy which was not in contemplation when the application for approval of the contract was made.

If the court understands the reach of its duties under section 77B of the Bankruptcy Law, as amended (11 USCA § 207), it has no choice but to grant the motion for an injunction.

The answer to the petition for injunctive relief, and the answering affidavits, raise no issues which were not stated in the oral arguments of counsel, so far as the facts are involved, except to somewhat mitigate the assertions of ignorance on the part of Tank Car respecting the effect of the said contract upon the latter's contractual relations with Decker as late as October 2nd, and to indicate that the Tank Car claim does not exceed one-third of the net proceeds of the contemplated sale.

It is suggested that the production of records and the examination of witnesses away from Chicago would impose a hardship upon the Tank Car Company. It is the present intention of the court to appoint a special master, to take testimony respecting this claim and report his recommendations to the court; it is to be anticipated that he would consult the convenience of parties and counsel, and, if need be, take testimony in any place agreed upon.

Motion for injunction granted; settle order on 1 day's notice.